# Owens, Appellant, *v.* Thomas Kent Manufacturing Company.

*Negligence—Master and servant—Dangerous machine—Risk of employment—Nonsuit.*

In an action by a woman against her employer to recover damages for injuries sustained to her hand while working at a dangerous machine, a nonsuit is properly entered where it appears that the plaintiff was familiar with the machine, had frequently cleaned it, knew that it was dangerous, and that if she put her hand into it, when it was in motion, she would be hurt; that there was no occasion for her to put her hand into it, and that stop handles used on such machines could not have been applied in time to prevent the accident even if they had been attached.

Argued Feb. 7, 1905. Appeal, No. 315, Jan. T., 1904, by plaintiff, from order of C. P. Del. Co., Dec. T., 1904, No. 177, refusing to take off nonsuit in case of Lizzie H. Owens, by her next friend and father, Robert J. Owens, and Robert J. Owens in his own right v. Thomas Kent Manufacturing Company. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT, and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SAVIDGE, P. J., specially presiding.

The circumstances of the accident are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*William A. Gray,* with him *William I. Schaffer* for appellant.—There can be no doubt that it was the duty of the defendant to instruct the plaintiff as to the dangerous nature of her work, especially as she was young and inexperienced, and that

it was negligence on the part of the defendant not to do so: Rummel v. Dilworth, 131 Pa. 509; Cargill v. Philadelphia Towel Supply & Laundry Co., Limited, 185 Pa. 269; Doyle v. Pittsburg Waste Company, 204 Pa. 618; Welsh v. Butz, 202 Pa. 59; Sheetram v. Trexler Stave and Lumber Co., 13 Pa. Superior Ct. 219; Royer v. Tinkler, 16 Pa. Superior Ct. 457; Williams v. Clark, 204 Pa. 416; Tagg v. McGeorge, 155 Pa. 368; Parker v. Ry. Co., 207 Pa. 438; Dynes v. Bromley, 208 Pa. 633.

Where from the facts and reasonable inferences to be drawn from them negligence may be presumed, its determination rests distinctively with the jury. When such conflict of facts and inferences arise, a court has no right to transcend its province and decide the question of negligence: Calhoun v. Holland Laundry Co., 208 Pa. 139.

An employee has the right to expect his employer to provide machinery, tools and appliances that are reasonably safe for his use, and he assumes no risks growing out of their defective character unless he has been fully advised that they are defective and dangerous: Rummel v. Dilworth, 131 Pa. 509; Doyle v. Pittsburg Waste Co., 204 Pa. 618; Bannon v. Lutz, 158 Pa. 166.

Whether the defendant had performed his duty to provide safe means of employment for the plaintiff is a question for the jury: Winters v. Boll, 204 Pa. 41.

When the plaintiff's case shows negligence on the part of the defendant and there is doubt as to the inference of contributory negligence to be drawn therefrom, the case is one for the jury: Young v. Mercantile Steam Laundry, 198 Pa. 553.

*E. H. Hall*, for appellee.—It cannot be a question for the jury to determine whether this young woman " had knowledge of the dangerous character " of the machine when she says herself she became perfectly familiar with the machine and knew how to operate it, and could see from an examination of it, that the porcupine, if you put your hands on it, was a dangerous thing.

There was no evidence that this machine did not come up to the standard stated by the present chief justice in Titus v. Railroad Co., 136 Pa. 618. See also Ford v. Anderson, 139

Pa. 261 ; Keenan v. Waters, 181 Pa. 247 ; Higgins v. Fanning, 195 Pa. 599 ; Service v. Shoneman, 196 Pa. 63 ; Spees v. Boggs, 198 Pa. 112 ; Wilkinson v. Johns Mfg. Co., 198 Pa. 634 ; O'Keefe v. Thorn, 24 W. N. C. 379 ; Ehni v. Tube Works Co., 203 Pa. 186.

It is submitted that Higgins v. Fanning, 195 Pa. 599, rules this case.

OPINION BY MR. JUSTICE POTTER, April 10, 1905 :

The error here alleged, was the refusal, by the court below, to take off a compulsory nonsuit. The plaintiff in this case was injured while working in the defendant's worsted mill. Her duty was to operate a drawing frame. In the language of the trial judge, " The work of this frame is to draw out the wool in process of preparation for twisting and spinning. The wool, in the shape of long filaments or slivers, is wound upon creels, which are placed upon the back of the frame, whence the slivers, two together from separate creels, are passed over a hook, through what has been termed a funnel, or eye, between rolls, a part known technically as the porcupine, some six inches back of the rolls and wound upon securing creels at the front of the frame." The porcupine seems to have been a cylindrical apparatus faced with sharp hooks, whose purpose was to straighten the strands of wool. It was the dangerous part of the machinery and the plaintiff knew it. She says so, and that she had cleaned the porcupine frequently, and knew that if she put her hand into it, when it was in motion, she would be hurt. There is no evidence that she was not properly instructed in the use of the machinery. Whatever danger there was in its operation was open and apparent. She had entire charge of this machine for a period of about three months. She admitted that in the performance of her duty there was no occasion for her to put her hand into the porcupine. Yet in straightening out a snarl, she accidentally did get her hand into the porcupine. The instant it was in, the damage was done. The testimony does not show how long her hand was in contact with the porcupine, nor how the machine was stopped. It is manifest that the stopping of the machine after her hand went into the porcupine would not have avoided the accident. Plaintiff testified that her hand

went in practically instantaneously.   If it had been shown that
the accident occurred, as is suggested in the argument, because
no stop handles were attached to the machine, at a place where
stop handles were usually placed, and should have been placed
to make the machine reasonably safe to operate, the case for
the plaintiff would stand on firm ground.   But as the trial
judge again puts it, "the accident could not have been pre-
vented, after the snarled sliver caught the hand of the plain-
tiff, because she distinctly testified that her hand was so
quickly drawn into the porcupine that she could not even cast
her free hand up to assist in breaking the sliver to free her
caught hand.   She testified that her hand passed almost in-
stantly into the porcupine, hence the handles could not have
been used to prevent the accident had they been attached.   It
is plain that the negligence complained of, namely, the absence
of the handles, did not cause nor contribute to the accident."

We do not find anything in the evidence to support the
charge of negligence as set forth in the plaintiff's statement.

The assignment of error is overruled and the judgment is
affirmed.